**Carol L. NUSS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

No. 01–3042.

United States Court of Appeals, Federal Circuit.

Jan. 11, 2002.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

## DECISION

PER CURIAM.

Carol L. Nuss petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the denial by the Office of Personnel Management ("OPM") of her claim for disability retirement benefits under the Civil Service Retirement System. *Nuss v. OPM*, No. CH–831E–00–0142–I–1. We *affirm*.

## DISCUSSION

### I.

After she retired from her position as a Hearing Office Manager with the Social Security Administration ("SSA"), Ms. Nuss filed an application with OPM under 5 U.S.C. § 8347 seeking disability · retirement benefits. OPM denied the claim in an initial decision dated September 25, 1998, and in a reconsideration decision dated October 29, 1999, and Ms. Nuss timely appealed to the Board. In an initial decision dated March 31, 2000, the administrative judge ("AJ") to whom the appeal was assigned sustained OPM's denial of the application. The AJ's initial decision became the final decision of the Board on August 29, 2000, when the Board denied Ms. Nuss' petition for review for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115(d).

### II.

Our scope of review in an appeal from a final decision of the Board is limited. Specifically, we must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health and Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). The decision of the Board in this case is none of these.

■ Ms. Nuss makes two arguments on appeal. The first is that the findings of fact that the Board made in concluding that she was not entitled to disability retirement benefits are erroneous and not supported by substantial evidence. This argument fails because the Supreme Court has held that, except in circumstances not alleged here, "the factual underpinnings of § 8347 disability determinations may not be judicially reviewed." *Lindahl v. OPM*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). *See also Pitsker v. OPM*, 234 F.3d 1378, 1380–81 (Fed.Cir. 2000). In short, we are not empowered to review the Board's findings of fact in this case.

■ We also must reject Ms. Nuss' second argument on appeal: that the Board abused its discretion and failed to follow procedures required by regulation when it refused to consider "new evidence" that she submitted in support of her petition

for review. By regulation, "[t]he Board ... may grant a petition for review when it is established that ... [n]ew and material evidence is available that, despite due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d). The evidence which Ms. Nuss sought to introduce consisted of (i) a statement by SSA Administrative Law Judge ("ALJ") Steven Slahta; (ii) a statement by her treating physician, Dr. Steven D. Glassman; (iii) a letter from her treating neurosurgeon, Dr. George H. Raque, Jr.; and (iv) various additional medical records.

The Board did not abuse its discretion or otherwise err in rejecting Ms. Nuss' "new evidence." The reason is that none of the evidence met the regulatory requirement of being new and material and not available when the record closed despite due diligence. In his statement, ALJ Slahta spoke to events that occurred between 1976 and 1977, but he made no effort to explain why it was not until 2000 that he was contacted to give the statement. Dr. Glassman's statement was not "new and material" because the statement merely amplified medical information that he and others had submitted to the AJ and that the AJ had considered in her initial decision. For its part, like the statement from ALJ Slahta, the letter from Dr. Raque contained no explanation as to why it was not submitted before the close of evidence. And finally, the additional medical records that Ms. Nuss submitted all were dated prior to the closing of the Board record.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.